UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                            :

UNITED STATES OF AMERICA,              :

                    -v-                  :            S8 23 Cr. 501 (JPC)

                            :

JUAN MOISES PEREZ MENDEZ,      :            <u>ORDER</u>

                            :

                Defendant.      :

                            :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Defendant Juan Moises Perez Mendez is charged with engaging in a continuing criminal enterprise ("CCE") and conspiring to distribute narcotics resulting in death. He moves to require the Government to identify any cooperating witnesses and confidential informants at least sixty days before his trial, which is scheduled to begin on April 20, 2026. Dkt. 193 ("Motion"). For reasons that follow, the motion is denied.

Defendant anticipates that "the Government will rely heavily on the testimony of cooperating witnesses and confidential informants" to prove the elements of the CCE, including his management position in the CCE and his receipt of substantial income or resources from the predicate violations of federal narcotics laws. *Id.* at 7-8.[1] He further estimates that it will take sixty to ninety days for his lawyers to obtain those witnesses' criminal records for cross-examination, and thus he needs to know the identities of cooperating witnesses at least sixty days before trial. *Id.* at 8-9. Alternatively, he proposes a "middle course," by which any "informant" would appear at an "*in camera* meeting with defense counsel and the court," *id.* at 9 (quoting *United States v. Saa*, 859 F.2d 1067, 1074-75 (2d Cir. 1988)), or "early disclosure of cooperating witnesses on an

---

[1] Because the pages of Defendant's moving brief are not numbered, the page citations herein are to the ECF-generated page numbers for that filing.

'Attorney's Eyes Only' . . . basis," Dkt. 224 (reply brief) at 3.  In opposing Defendant's motion, the Government acknowledges that it anticipates relying in part on testimony from cooperating witnesses at trial, but maintains that early disclosure of their identities is unwarranted and confirms that it will comply with its obligations to produce material about those witnesses under the Jencks Act, 18 U.S.C. § 3500 *et seq.*, and *Giglio v. United States*, 405 U.S. 150 (1972).  Dkt. 223 ("Opposition") at 7.[2]

"The government generally enjoys a privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."  *United States v. Jackson*, 345 F.3d 59, 69 (2d Cir. 2003) (citation modified); *see United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997) ("[The Government's] interest in protecting the anonymity of informants who furnish information regarding violations of law is strong . . . .").  Thus, a "defendant bears the burden of showing the need for disclosure of an informant's identity, and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial."  *Fields*, 113 F.3d at 324 (citation modified); *see United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986) (explaining that a "defendant has the heavy burden of showing that disclosure is 'essential to the defense'" (quoting *Scher v. United States*, 305 U.S. 251, 254 (1938)).  To prevail, a defendant must demonstrate that his "need for disclosure outweighs the government's interest in shielding the informant's identity," *Fields*, 113 F.3d at 324, by making "a specific showing that the disclosure of an informant's identity is relevant and helpful to the defense of [the] accused, or is essential to the fair determination of [the] cause."  *United States v. Murgio*, 209 F. Supp. 3d 698, 725 (S.D.N.Y. 2016) (citation modified).  "Speculation that disclosure of the informant's identity

_____

[2] The Court grants leave for the Government to file an unredacted version of its opposition brief under seal, and a redacted version of its brief on the public docket.  The proposed redactions are warranted under *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995), and its progeny, as the compelling reasons for the limited sealing, including safety concerns, outweigh the presumption of public access.  The redactions also are narrowly tailored to serve those interests.

will be of assistance is not sufficient to meet the defendant's burden." *Fields*, 113 F.3d at 324.

Defendant fails to overcome his burden to warrant early disclosure, instead relying largely on speculation as to the significance of cooperating witnesses to the Government's case and how the Government intends to rely on those witnesses. *See* Motion at 7-8. Moreover, the Government has produced in discovery voluminous evidence, including security camera footage, photographs, videos, text messages, voice records, phone records, and payment records, which the Government contends demonstrate Defendant's leadership role in the charged CCE and the resources he obtained from it. *See* Opposition at 9-10. The Government also represents that it intends to provide material pursuant to the Jencks Act and *Giglio* sufficiently in advance of trial to allow adequate time for counsel to prepare cross-examination. *Id.* at 7 ("[T]he Government intends to produce material for each such cooperating witness pursuant to the Jencks Act, 18 U.S.C. § 3500 *et seq.*, and *Giglio v. United States*, 405 U.S. 150 (1972), sufficiently in advance of trial—though not *two months* before trial—so as to permit defense counsel adequate time to prepare for cross examination."); *see, e.g.*, *United States v. Spencer*, 20 Cr. 78 (AT), 2022 WL 1270905, at *3 (S.D.N.Y. Apr. 28, 2022). Relatedly, and as would be expected, the Government "intends to provide any materials in its possession related to prior convictions as part of its standard *Giglio* disclosures." Opposition at 10. Lastly, the Government's interest in the cooperating witnesses' anonymity is strong, particularly given safety concerns for those witnesses and their families. *See id.* at 11.

Defendant's motion therefore is denied. The Government is directed to discuss the timing of its disclosures pursuant to the Jencks Act and *Giglio* with counsel for all Defendants proceeding to trial on April 20, 2026, and to be prepared to advise the Court as to the timing of those productions at the next status conference on January 28, 2026.

The Clerk of Court is respectfully directed to close Docket Number 193.

SO ORDERED.

Dated: January 21, 2026
       New York, New York

_____
JOHN P. CRONAN
United States District Judge

4